# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>NEWELL BRANDS INC., ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 6:21-cv-636<br><br>**JURY TRIAL DEMANDED** |
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>XEROX CORPORATION, ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 6:21-cv-638<br><br>**JURY TRIAL DEMANDED** |
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ZEBRA TECHNOLOGIES CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-639<br><br>**JURY TRIAL DEMANDED** |
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>POLYCOM, INC. D/B/A POLYCOM ENTERPRISES, INC., ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 6:21-cv-742<br><br>**JURY TRIAL DEMANDED** |

## JOINT MOTION FOR ENTRY OF DISPUTED SCHEDULING ORDER

As required by the Standing Order Governing Proceedings, the parties have conferred regarding submission of an agreed proposed Scheduling Order. The parties were unable to agree on all dates in a proposed Scheduling Order and hereby jointly submit a disputed Scheduling Order along with the parties' respective positions on items where they cannot agree. Exhibit A shows Defendants' proposed dates as redlined changes to Plaintiff's proposed dates.

Plaintiff's Position:

Plaintiff's proposed Scheduling Order uses the default dates provided by the Court, except for making a few minor date changes to avoid landing on holidays. The default schedule provides fair and reasonable deadlines while keeping these cases moving towards trial. Plaintiff sees no reason to depart from the Court's default schedule.

In contrast, Defendants' proposals cut fact discovery by nearly a month and provide two extra weeks for Defendants' invalidity contentions. Prior to 4:00 this afternoon, Defendants offered no real explanation for their significant changes from the default dates, stating only that "the four defendants conferred and revised the schedule to accommodate all of the defendants and avoid conflicts." And even now, they have said nothing specific to the facts of this case requiring two extra weeks for invalidity contentions. Indeed, other defendants have complied with that timeline, and their invalidity contentions are included in the ones produced in this case. *See, e.g., American Patents v. Comcast Corporation et al.*, 6:20-cv-00780-ADA, Dkt. No. 36 (entering scheduling orders in the Comcast and Roku cases relying on the Court's 8 week difference between infringement contentions and invalidity contentions). Defendants' proposed two-week extension for their invalidity contentions is especially unwarranted given that Plaintiff has produced five sets of invalidity contentions from prior cases, and given that Defendants did not seek an extension of this deadline before Plaintiff served its

infringement contentions.

Defendants likewise complain that "Plaintiff has failed to offer any reason why it is unable to complete fact discovery in six months." But Defendants are the ones varying the default schedule, so it is Defendants who should explain why a Plaintiff should be forced to have a month less time for fact discovery than is the default in this Court, especially since there are four asserted patents.

Defendants' Position:

Defendants BRK Brands, Inc., Polycom, Inc., Zebra Technologies Corp., and Xerox Corp. (collectively, "Defendants") were served plaintiff's infringement contentions on October 11, 2021. In light of those contentions and the positions American Patents has taken, some Defendants commissioned prior art searches of the asserted patents. The results of those prior art searches will not be received in sufficient time for Defendants to analyze the prior art identified and produce invalidity contentions by December 6, 2021, particularly given the Thanksgiving holiday. Therefore, Defendants jointly request that the date for serving preliminary invalidity contentions be moved two weeks from December 6, 2021 to December 20, 2021.

In light of the Court's consolidation of cases, claim construction will require coordination between the four Defendants, which will be difficult to accomplish over the end of year holidays. Thus, Defendants propose moving the dates for claim construction to account for this necessary coordination and to avoid the holidays. Thus, Defendants propose that the exchange of claim terms for construction be set for January 7, 2022.

All of the other schedule changes requested by Defendants extend from movement of those two dates, or to otherwise avoid falling on holiday periods.

Plaintiff has not offered any reason or explanation for why Defendants' proposal is unacceptable, simply claiming that it deviates from the Court's schedule and it cuts fact discovery by

almost one month.  Notably, however, Defendants' proposal provides Plaintiff with six months of fact discovery and Plaintiff has failed to offer any reason why it is unable to complete fact discovery in six months.  Thus, Defendant's schedule provides fair and reasonable deadlines, which accommodate for the necessary coordination required among Defendants and accounts for intervening holidays, all while keeping these cases moving towards trial.

Plaintiff's reliance on the existence of invalidity contentions from previous cases is of no moment.  Defendants are entitled to conduct their own prior art searches and develop their own invalidity arguments.

Dated: November 1, 2021 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Zachariah S. Harrington

　　　　　　　　　　　　　　　　　　　　Zachariah S. Harrington
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24057886
　　　　　　　　　　　　　　　　　　　　zac@ahtlawfirm.com
　　　　　　　　　　　　　　　　　　　　Matthew J. Antonelli
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24068432
　　　　　　　　　　　　　　　　　　　　matt@ahtlawfirm.com
　　　　　　　　　　　　　　　　　　　　Larry D. Thompson, Jr.
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24051428
　　　　　　　　　　　　　　　　　　　　larry@ahtlawfirm.com
　　　　　　　　　　　　　　　　　　　　Christopher Ryan Pinckney
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24067819
　　　　　　　　　　　　　　　　　　　　ryan@ahtlawfirm.com
　　　　　　　　　　　　　　　　　　　　ANTONELLI, HARRINGTON & THOMPSON LLP
　　　　　　　　　　　　　　　　　　　　4306 Yoakum Blvd., Ste. 450
　　　　　　　　　　　　　　　　　　　　Houston, TX 77006
　　　　　　　　　　　　　　　　　　　　(713) 581-3000

　　　　　　　　　　　　　　　　　　　　Stafford Davis
　　　　　　　　　　　　　　　　　　　　State Bar No. 24054605

        sdavis@stafforddavisfirm.com
        Catherine Bartles
        Texas Bar No. 24104849
        cbartles@stafforddavisfirm.com
        THE STAFFORD DAVIS FIRM
        815 South Broadway Avenue
        Tyler, Texas 75701
        (903) 593-7000
        (903) 705-7369 fax

        *Attorneys for American Patents LLC*

Dated: November 1, 2021

        */s/ Michael C. Smith*
        Michael C. Smith
        State Bar No. 18650410
        Scheef & Stone, LLP
        113 E. Austin Street
        Marshall, Texas 75670
        Office: (903) 938-8900
        michael.smith@solidcounsel.com

        Walter Hill Levie III (*pro hac vice*)
        Gregory J. Carlin (*pro hac vice*)
        Lee G. Hamilton (*pro hac vice*)
        Meunier Carlin & Curfman LLC
        999 Peachtree Street NE, Suite 1300
        Atlanta, Georgia 30309
        Office: (404) 645-7700
        Facsimile: (404) 645-7707
        tlevie@mcciplaw.com
        gcarlin@mcciplaw.com
        lhamilton@mcciplaw.com

        *Counsel for Defendant BRK Brands, Inc.*

Dated: November 1, 2021

        */s/ Genevieve M. Halpenny*
        Genevieve M. Halpenny (*pro hac vice*)
        Thomas Hoehner (*pro hac vice*)
        Denis J. Sullivan (*pro hac vice*)
        **BARCLAY DAMON, LLP**
        Barclay Damon Tower
        125 East Jefferson Street
        Syracuse, NY 13202

(315) 425-2700 (Telephone)
(315) 703-6249 (Facsimile)
thoehner@barclaydamon.com
dsullivan@barclaydamon.com
ghalpenny@barclaydamon.com

Barry K. Shelton
Texas State Bar No. 24055029
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX 78734-4775
bshelton@sheltoncoburn.com
(512) 263-2165 (Telephone)
(512) 263-2166 (Facsimile)

*Attorneys for Defendants Xerox Corporation and Dahill Office Technology Corporation*

Dated: November 1, 2021

/s/ *Steve R. Borgman*
Steve R. Borgman

**KILPATRICK TOWNSEND & STOCKTON LLP**

Steve R. Borgman (Texas State Bar No. 02670300)
700 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: 281-809-4081
Facsimile: 281-990-6826
Email: sborgman@kilpatricktownsend.com

Steven D. Moore (*pro hac vice*)
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: smoore@kilpatricktownsend.com

Taylor H. Ludlam (*pro hac vice*)
4208 Six Forks Road, Suite 1400
Raleigh, North Carolina 27609-5764
Telephone: (919) 420-1700
Facsimile: (919) 541-3330
Email: taludlam@kilpatricktownsend.com

Michael T. Morlock (*pro hac vice*)
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6003
Facsimile: (336) 734-2756
Email: mmorlock@kilpatricktownsend.com

**ATTORNEYS FOR DEFENDANT
ZEBRA TECHNOLOGIES CORPORATION**

Dated: November 1, 2021

/s/ *Katherine Vidal*
Katherine Vidal (*pro hac vice*)
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
(650) 858-6500
Fax: (650) 858-6550
Email: kvidal@winston.com

        M. Brett Johnson
        Texas Bar No. 790975
        WINSTON & STRAWN LLP
        2121 North Pearl Street, Suite 900
        Dallas, TX 75201
        Tel. (214) 453-6500
        Fax (214) 453-6400
        mbjohnson@winston.com

        Samantha M. Lerner (*pro hac vice*)
        WINSTON & STRAWN LLP
        35 W. Wacker Drive, Ste. 4100
        Chicago, IL 60601
        (312) 558-5600
        Fax: (312) 558-5700
        Email: slerner@winston.com

        David P. Dalke (*pro hac vice*)
        WINSTON & STRAWN LLP
        333 S. Grande Avenue, Suite 3800
        Los Angeles, CA 90071
        (213) 615-1700
        Fax: (213) 615-1750
        Email: ddalke@winston.com

        *Attorneys for Defendants*
        *Polycom, Inc., and Plantronics, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Zachariah S. Harrington*
Zachariah S. Harrington

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with counsel for the defendants and they have consented to the filing of this as a joint motion.

/s/ *Zachariah S. Harrington*
Zachariah S. Harrington