# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>XEROX CORPORATION and DAHILL OFFICE TECHNOLOGY CORPORATION D/B/A XEROX BUSINESS SOLUTIONS SOUTHWEST,<br><br>    Defendants. | CIVIL ACTION NO. 6:21-cv-638-ADA<br><br>**JURY TRIAL DEMANDED** |

**AMERICAN PATENTS LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

While there are many aspects of Xerox's Reply with which American disagrees, American submits this brief sur-reply to address five limited points.

First, in a footnote placed on the website link "http://luci.subsignal.org/~jow/802.11n-2009.pdf" Xerox states that "[c]ontrary to AP's statement to the contrary (Dkt. 25 at 6, n. 3), this website could not be accessed via archive.org on October 8, 2021." But as shown in the screenshot below, American was able to access the website on archive.org at 5:55 PM on October 8, 2021:



Second, Xerox apparently believes that a separate standard somehow applies when a complaint plausibly alleges infringement but also cites an IEEE standard for support. *See* Reply at 4-10. That is not the law. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff need only allege "enough facts to state a claim to relief that is plausible on its face."), *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

Third, Xerox effectively concedes that post-suit indirect and willful infringement should not be dismissed for an alleged lack of knowledge of the patents in suit.  *See* Reply at 1-4.

Fourth, in addressing indirect and willful infringement, Xerox incorrectly states that "There is no dispute … that [Xerox] had no knowledge of the Unexpired Patents before [American Patents] filed its complaint" and that "AP admits that Xerox had no pre-suit knowledge."  Reply at 1-2.  Xerox ignores that willful blindness is a form of knowledge.  *Glob.- Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011).

Finally, regarding willful blindness, Xerox argues that "AP does not even allege that Xerox subjectively believed that there was a high probability that the Unexpired Patents existed[.]"  Reply at 2.  But willful blindness does not require a "subjective belief as to the existence" of the particular patents-in-suit—that much is clear from *Global-Tech* itself.  The defendant in *Global-Tech* did not know about the specific patent-in-suit; indeed, its "attorney failed to locate [the asserted] patent." *Glob.-Tech*, 563 U.S. at 758. What the evidence instead showed is that the defendant "subjectively believed there was a high probability that [the fryer it copied] was patented." *Id*. at 771. That fact was relevant to the claim of induced infringement because it showed that the defendant subjectively believed that a patent existed that would cover the defendant's knockoff fryer. *Global-Tech* did not adopt Xerox's view that the defendant must actually know about the specific patents-in-suit in order to have been willfully blind to them.

For the foregoing reasons and the reasons in American's Opposition, the Court should deny Xerox's Motion to Dismiss.

Dated: October 14, 2021            Respectfully submitted,

/s/ *C. Ryan Pinckney*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.

2

                                            Texas Bar No. 24051428
                                            larry@ahtlawfirm.com
                                            Christopher Ryan Pinckney
                                            Texas Bar No. 24067819
                                            ryan@ahtlawfirm.com

                                            ANTONELLI, HARRINGTON
                                            & THOMPSON LLP
                                            4306 Yoakum Blvd., Ste. 450
                                            Houston, TX 77006
                                            (713) 581-3000

                                            *Attorneys for American Patents, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 14, 2021.

*/s/ C. Ryan Pinckney*
C. Ryan Pinckney