FILED
April 14, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: \_\_\_J. Galindo-Beaver\_\_\_
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

## STANDING ORDER GOVERNING PROCEEDINGS (OGP) 4.1—PATENT CASES

This OGP governs proceedings in all patent cases pending before the undersigned or Judge Derek T. Gilliland and takes effect upon entry in all patent cases, except where noted. If there are conflicts between this OGP and prior versions in existing cases that the parties are unable to resolve, the parties are encouraged to contact the Court for guidance via email to the Court's law clerk.

Parties should generally email any inquiries to the Court's law clerk. The Court's voicemail is not checked regularly. Email is the preferred contact method.

Parties should generally use the following email address that includes the Court's law clerks for both Judge Albright and Judge Gilliland:

TXWDml_LawClerks_WA_JudgeAlbright&Gilliland@txwd.uscourts.gov.

Messages directed only to Judge Albright's law clerks may be sent to:

TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov.

Messages directed only to Judge Gilliland's law clerks may be sent to:

TXWDml_NoJudge_Chambers_WA_JudgeGilliland@txwd.uscourts.gov.

## I. NOTICE OF READINESS[1]

In all patent cases pending before the undersigned or Judge Gilliland, the parties are directed to jointly file the Case Readiness Status Report ("CRSR") in the format attached as Appendix B: (a) within 7 days after the Defendant (or at least one Defendant among a group of related Defendants sued together) has responded to the initial pleadings in cases where there are no CRSR Related Cases, or (b) when there are CRSR Related Cases, within 7 days after the last Defendant (or last Defendant group when at least one Defendant among the group has responded) among the CRSR Related Cases has responded to the initial pleadings. The CRSR shall be filed in each case and identify all other CRSR Related Cases. For this Order, cases shall be considered CRSR Related Cases when they meet both criteria: (1) the cases are filed within 30 days after the first case is filed, and (2) the cases share at least one common asserted patent.

The parties shall meet and confer before jointly filing the CRSR. Plaintiff shall have responsibility for filing the CRSR on time. If the parties have any pre-*Markman* issues needing resolution, the parties shall email the Court a joint submission of the parties' positions after filing the CRSR so the Court can consider whether to hold a hearing to resolve these issues. If the

---

[1] This supersedes the March 7, 2022 Standing Order Regarding Notice of Readiness for Patent Cases.

parties do not have any pre-*Markman* issues needing resolution, then the parties need not email the CRSR to the Court.

The Case Management Conference ("CMC") shall be deemed to occur 14 days after the filing date of the CRSR. If the CRSRs in CRSR Related Cases are not all submitted on the same date, the CMC shall be deemed to occur 14 days after the last CRSR in those CRSR Related Cases is filed. The Court intends to coordinate the CRSR Related Cases on the same schedule with a single *Markman* hearing, so the parties should plan accordingly. In all cases, the *Markman* hearing shall be initially scheduled for 23 weeks after the CMC and should be included in the parties' proposed Scheduling Order in accordance with this Order.

## II.  GENERAL DEADLINES

The following deadlines apply:

1. Patent cases shall be set for a Rule 16 CMC in accordance with the preceding section.

2. Not later than 7 days before the CMC. The plaintiff shall serve preliminary infringement contentions chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. The plaintiff shall also identify the priority date (*i.e.,* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

3. Two weeks after the CMC. The parties shall file a **motion** to enter an agreed Scheduling Order that generally tracks the exemplary schedule attached as Exhibit A to this OGP, which should suit most cases. If the parties cannot agree, the parties shall submit a joint motion for entry of a Scheduling Order briefly setting forth their scheduling disagreement. Absent agreement of the parties, the plaintiff shall be responsible for the timely submission of this and other joint filings. When filing any Scheduling Order, the parties shall also jointly send an editable copy to the Court's law clerk.

4. Seven weeks after the CMC. The defendant shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the defendant contends are indefinite or lack written description under § 112, and (3) an identification of any claims the defendant contends are directed to ineligible subject matter under § 101. The § 101 contention shall (1) identify the alleged abstract idea, law of nature, and/or natural phenomenon in each challenged claim; (2) identify each claim element alleged to be well-understood, routine, and/or conventional; and (3) to the extent not duplicative of §§ 102/103 prior art contentions, prior art for the contention that claim elements are well-understood, routine, and/or conventional. The defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical

2

documents, including software where applicable, sufficient to show the operation of the accused product(s).[2]

## III. GENERAL DISCOVERY LIMITS

Except with regard to venue, jurisdictional, and claim construction-related discovery, all other discovery shall be stayed until after the *Markman* hearing. Notwithstanding this general stay of discovery, the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant it. For example, if discovery outside the United States is contemplated via the Hague, the Court is inclined to allow such discovery to commence before the *Markman* hearing.

Following the *Markman* hearing, the following discovery limits apply. The Court will consider reasonable requests to adjust these limits should circumstances warrant.

1. Interrogatories:  30 per side[3]
2. Requests for Admission:  45 per side
3. Requests for Production:  75 per side
4. Fact Depositions:  70 hours per side (for both party and non-party witnesses combined)
5. Expert Depositions:  7 hours per report[4]

**Electronically Stored Information**. As a preliminary matter, the Court will not require general search and production of email or other electronically stored information (ESI) related to email (such as metadata), absent a showing of good cause. If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search. The opposing party can oppose or propose an alternate plan. If the parties cannot agree, they shall contact the Court in accordance with the procedures below, to discuss their respective positions.

## IV. DISCOVERY DISPUTES

**Procedure.** A party may not file a Motion to Compel discovery unless: (1) lead counsel have met and conferred in good faith to try to resolve the dispute, and (2) the party has contacted the Court's law clerk to summarize the dispute and the parties' respective positions. When

---

[2] To the extent it may promote early resolution, the Court encourages the parties to exchange license and sales information, but any such exchange is optional during the pre-*Markman* phase of the case.

[3] A "side" shall mean the plaintiff (or related plaintiffs suing together) on the one hand, and the defendant (or related defendants sued together) on the other hand. If the Court consolidates related cases for pretrial purposes, with regard to calculating limits imposed by this OGP, a "side" shall be interpreted as if the cases were proceeding individually. For example, in consolidated cases the plaintiff may serve up to 30 interrogatories on each defendant, and each defendant may serve up to 30 interrogatories on the plaintiff.

[4] For example, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for up to 14 hours in total.

contacting the Court's law clerk for discovery or procedural disputes, the following procedures shall apply.

If the parties remain at an impasse after lead counsel have met and conferred, the requesting party shall email a summary of the issue(s) and specific relief requested to all counsel of record. The summary of the issue shall not exceed 500 words for one issue or a combined 1,000 words for multiple issues. The responding party has 3 days thereafter to provide an email response, also not to exceed 500 words for one issue or a combined 1,000 words for multiple issues. The specific relief requested should propose the exact language to be issued in a court order for each part of every disputed issue. The specific relief requested does not count toward the word limits. The Court encourages the parties to provide their submission in the following table format, which clearly identifies the disputed issues and specific relief requested.

Example:

| Issue | Requesting Party's Position | Responding Party's Position |
|---|---|---|
| RFP 1: All sale records of the Product. | Responding Party didn't produce anything. Responding Party keeps its sales records in a sales database.<br><br>Relief: Order that "Responding Party must produce a copy of the sales database within 7 days." | We found no sales records of the Product in the sales database.<br><br>Relief: Find that "no documents responsive to RFP 5 exist" and deny Requesting Party's relief. |
| ROG 5: Identify all employees who worked on the Product. | Responding Party only identified a subset of the employees.<br><br>Relief: Order that "Responding Party is compelled to fully respond to ROG 5 by identifying the names and locations of the remaining employees who worked on Product by [date]." | We identified the relevant employees. The other employees are not relevant, and it is too burdensome to identify every employee.<br><br>Relief: Order that "Responding Party need not identify any other employees in response to ROG 5." |

Once the opposing party provides its response, the requesting party shall email the summaries of the issues to the Court's law clerk with opposing counsel copied. If a hearing is requested, the parties shall indicate in the email whether any confidential information will be presented. Thereafter, the Court will provide guidance to the parties regarding the dispute or arrange a telephonic or Zoom hearing. The hearing shall proceed in the sequence of issues charted.

**Written Order.**[5] Within 7 days of the discovery hearing, the parties shall email a joint proposed order to the Court's law clerk that includes the summaries of the issues, relief requested, and the

---

[5] This supersedes the June 17, 2021 Standing Order for Discovery Hearings in Patent Cases.

parties' understanding of the Court's ruling. If one party disputes the language of the order, then that party shall send an editable version of the proposed order to the Court's law clerk with the disputed language in tracked changes.

## V. VENUE & JURISDICTIONAL DISCOVERY

The Court hereby[6] establishes the following presumptive limits on discovery related to venue and jurisdiction: each party is limited to 5 interrogatories, 10 Requests for Production, and 10 hours of deposition testimony. The time to respond to such discovery requests is reduced to 20 days. If a party believes these limits should be expanded, the party shall meet and confer with opposing counsel and if an impasse is reached, the requesting party is directed to contact the Court's law clerk for a telephonic hearing.

Venue or jurisdictional discovery automatically opens upon the filing of an initial venue or jurisdictional motion and shall be completed no later than 10 weeks after the filing of such motion. Parties shall file a notice of venue or jurisdictional discovery if the discovery will delay a response to a motion to transfer.

## VI. MOTIONS FOR TRANSFER

This section applies to all cases filed on or after March 7, 2022. Otherwise, the Second Amended Standing Order Regarding Motions for Inter-District Transfer controls earlier-filed cases.

A motion to transfer anywhere may be filed within 3 weeks after the CMC or within 8 weeks of receiving or waiving service of the complaint, whichever is later. Thereafter, a movant must show good cause for any delay and seek leave of court. The deadline for plaintiff's response is 2 weeks after the completion of venue or jurisdictional discovery. The deadline for Defendant's reply is 2 weeks after the filing of the response.

The following page limits and briefing schedule apply to motions to transfer:

   a. Opening – 15 pages

   b. Response – 15 pages, due 14 days after the completion of venue or jurisdictional discovery, if such discovery is conducted; otherwise, 14 days after the Opening brief

   c. Reply – 5 pages, due 14 days after the Response brief

All parties who have filed a motion to transfer shall provide the Court with a status report indicating whether the motion has been fully briefed at each of the following times: 1) when the motion to transfer becomes ready for resolution, 2) at 4 weeks before the *Markman* hearing date if the motion to transfer remains unripe for resolution and 3) if there are multiple *Markman* hearings, the status report is due 6 weeks before the first scheduled *Markman* hearing. In addition, if by 1 week before the *Markman* hearing the Court has not ruled on any pending

---

[6] This supersedes the June 8, 2021 Amended Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases.

motion to transfer, the moving party is directed to email the Court's law clerk (and the technical advisor, when appointed), and indicate that the motion to transfer is pending.

If a motion to transfer remains pending, the Court will either promptly resolve the pending motion before the *Markman* hearing, or postpone the *Markman* hearing. Whenever a *Markman* hearing is postponed pursuant to this OGP (*e.g.*, because the transfer motion has not yet ripened or only recently ripened), Fact Discovery will begin one day after the originally scheduled *Markman* hearing date.

## VII. MEET AND CONFER REQUIREMENT FOR EARLY MOTIONS TO DISMISS INDIRECT AND WILLFUL INFRINGEMENT

Any party seeking to dismiss claims of indirect or willful infringement before fact discovery must first meet and confer with the opposing party to discuss dismissing those allegations without prejudice, with leave to re-plead those allegations with specificity if supported by a good faith basis under Rule 11. Under this agreement, the patent owner may re-plead those allegations within three months after fact discovery opens, and the parties agree to permit fact discovery on indirect and willful infringement during those three months. The party moving to dismiss must attach a certification of compliance with this OGP to its motion to dismiss.

An agreement to dismiss under this section shall be filed as a joint notice instead of as a motion.

## VIII. INTERIM PROTECTIVE ORDER

The Court provides a Model Protective Order on its website. Pending entry of the final Protective Order, the Court issues the following interim Protective Order to govern the disclosure of confidential information:

> If any document or information produced in this matter is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys' Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).
>
> If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this OGP shall keep it confidential and use it only for purposes of litigating the case.

# IX. CLAIM CONSTRUCTION

## Limits for Number of Claim Terms to be Construed

**Terms for Construction**. Based on the Court's experience, the Court believes that it should have presumed limits on the number of claim terms to be construed. The "presumed limit" is the maximum number of terms that each side may request the Court to construe without further leave of Court. If the Court grants leave for additional terms to be construed, depending on the complexity and number of terms, the Court may split the *Markman* hearing into multiple hearings.

The presumed limits based on the number of patents-in-suit are as follows:

| 1-2 Patents | 3-5 Patents | More than 5 Patents |
|---|---|---|
| 8 terms | 10 terms | 12 terms |

When the parties submit their joint claim construction statement, in addition to the term and the parties' proposed constructions, the parties should indicate which party or side proposed that term, or if that was a joint proposal.

## Briefing Procedure and Page Limits

The Court will require non-simultaneous *Markman* briefing with the following default page limits. When exceptional circumstances warrant, the Court will consider reasonable requests to adjust these limits. These page limits shall also apply collectively for coordinated and consolidated cases; however, the Court will consider reasonable requests to adjust page limits in consolidated cases where circumstances warrant. The Court has familiarity with the law of claim construction and encourages the parties to forego lengthy recitations of legal authorities and to instead focus on the substantive issues unique to each case.

Unless otherwise agreed to by the parties, the default order of terms in the parties' briefs shall be based on 1) the patent number (lowest to highest), the claim number (lowest to highest), and order of appearance within the lowest number patent and claim. An example order may be as follows:

1. 10,000,000 Patent, Claim 1, Term 1
2. 10,000,000 Patent, Claim 1, Term 2 (where Term 2 appears later in the claim than does Term 1)
3. 10,000,000 Patent, Claim 2, Term 3 (where Term 3 appears later in the claim than does Terms 2 and 3)
4. 10,000,001 Patent, Claim 1, Term 4
5. 10,000,001 Patent, Claim 3, Term 5
6. 10,000,002 Patent, Claim 2, Term 6

If that the same or similar terms appear in multiple claims, those same or similar terms should be ordered according to the lowest patent number, lowest claim number, and order of appearance within the patent and claim.

| Brief | 1-2 Patents | 3-5 Patents | More than 5 Patents |
|---|---|---|---|
| Opening (Defendant) | 20 pages | 30 pages | 30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages |
| Response (Plaintiff) | 20 pages | 30 pages | 30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages |
| Reply (Defendant) | 10 pages | 15 pages | 15 pages, plus 2 additional pages for each patent over 5 up to a maximum of 21 pages |
| Sur-Reply (Plaintiff) | 10 pages | 15 pages | 15 pages, plus 2 additional pages for each patent over 5 up to a maximum of 21 pages |

After briefing concludes, the parties shall file a Joint Claim Construction Statement and email an editable copy to the Court's law clerks.

## Technology Tutorials and Conduct of the *Markman* Hearing

Technology tutorials are optional, especially in cases where a technical advisor has been appointed. If the parties submit one, the tutorial should be in electronic form, with voiceovers, and submitted at least 10 days before the *Markman* hearing. In general, tutorials should be: (1) directed to the underlying technology (rather than argument related to infringement or validity), and (2) limited to 15 minutes per side. The tutorial will not be part of the record and the parties may not rely on or cite to the tutorial in other aspects of the litigation.

The Court generally sets aside one hour for the *Markman* hearing; however, the Court is open to reserving more or less time, depending on the complexity of the case and input from the parties. As a general rule, the party opposing the Court's preliminary construction shall go first. If both parties oppose the Court's preliminary construction, the plaintiff shall typically go first.

The Court will provide preliminary constructions to the parties ahead of the *Markman* hearing. At the *Markman* hearing, the Court encourages oral arguments that fine-tune the preliminary constructions over arguments repeated from the briefs.

# X. GENERAL ISSUES

1. The Court will entertain reasonable requests to streamline the case schedule and discovery. The Parties should contact the Court's law clerk when a change might help streamline the case.

2. The Court is generally willing to extend the response to the Complaint up to 45 days if agreed by the parties. However, longer extensions are disfavored.

3. Speaking objections during depositions are improper. Objections during depositions shall be stated concisely and in a nonargumentative and nonsuggestive manner. Examples of permissible objections include: "Objection, leading," "Objection, compound," "Objection, vague." Other than to evaluate privilege issues, counsel should not confer with a witness while a question is pending. Counsel may confer with witnesses during breaks in a deposition without waiving any otherwise applicable privilege.

4. Plaintiff must file a notice informing the Court when an IPR is filed, the expected time for an institution decision, and the expected time for a final written decision, within 2 weeks of the filing of the IPR.

5. After the trial date is set, the Court will not move the trial date except in extreme situations. If a party believes that the circumstances warrant continuing the trial date, the parties are directed to contact the Court's law clerk.

6. The Court does not limit the number of motions for summary judgment (MSJs), *Daubert* motions, or Motions *in limine* (MIL) a party may file. However, absent leave of Court, the cumulative page limit for opening briefs for all MSJs is 40 pages per side, for all *Daubert* motions is 40 pages per side, and for all MILs is 15 pages per side. Each responsive MSJ, *Daubert*, and MIL brief is limited to the pages utilized in the opening brief or by the local rules, whichever is greater; and the cumulative pages for responsive briefs shall be no more than cumulative pages utilized in the opening briefs. Reply brief page limits shall be governed by the local rules.

7. For *Markman* briefs,[7] summary judgment motions, and *Daubert* motions, the parties shall jointly deliver to Chambers one double-sided paper copy of the Opening, Response, and Reply briefs, omitting attachments, at least 10 days before the hearing. Absent agreement to the contrary, the plaintiff shall be responsible for delivering a combined set of paper copies to chambers. Each party shall also provide an electronic copy of the briefs, exhibits, and the optional technology tutorial via USB drive. For *Markman* briefs, the parties should also include one paper copy of all patents-in-suit and an editable copy of the Joint Claim Construction Statement. If the Court appoints a technical advisor, each party shall deliver the same to the technical advisor, also 10 days before the hearing.

---

[7] But if the Court appoints a technical advisor for claim construction, the parties should not provide a copy of the *Markman* briefs to the Court.

8. When filing the Joint Claim Construction Statement or proposed Protective Order, the parties shall also email the law clerk a Word version of the filed documents.

9. For all non-dispositive motions, the parties shall submit a proposed Order. The proposed Order shall omit the word "Proposed" from the title.

10. Unless the Court indicates otherwise, the following Zoom information shall be used for all non-private hearings. The public is allowed to attend non-private hearings. Any party who intends to present confidential information shall email the Court's law clerk to request a private Zoom setup.

    Hearings before Judge Albright:

    https://txwd-uscourts.zoomgov.com/j/1613131172?pwd=ek9WOFZLeHZXalNYVmFOdkJabDJoQT09

    Meeting ID: 161 313 1172
    Passcode: 167817
    One tap mobile: +16692545252,,1613131172#,,,,*167817

    Hearings before Judge Gilliland:

    https://txwd-uscourts.zoomgov.com/j/1610427634?pwd=V2RpaERVTkdySGI4b2F6cTZGSWRiZz09

    Meeting ID: 161 042 7634
    Passcode: 098663
    One tap mobile +16692545252,,1610427634#,,,,*098663

**SIGNED** this 14th day of April, 2022.

                                                                           _____
                                                                           ALAN D ALBRIGHT
                                                                           UNITED STATES DISTRICT JUDGE

# XI. APPENDIX A – EXEMPLARY SCHEDULE

| Deadline | Item |
| --- | --- |
| 8 weeks after receiving or waiving service of complaint or 3 weeks after the CMC, whichever is later. | Deadline to file a motion for inter-district transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |
| 7 days before CMC | Plaintiff serves preliminary[8] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 2 weeks after CMC | The Parties shall file a motion to enter an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 7 weeks after CMC | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |

---

[8] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| 9 weeks after CMC | Parties exchange claim terms for construction. |
| 11 weeks after CMC | Parties exchange proposed claim constructions. |
| 12 weeks after CMC | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[9] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 13 weeks after CMC | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 14 weeks after CMC | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 17 weeks after CMC | Plaintiff files Responsive claim construction brief. |
| 19 weeks after CMC | Defendant files Reply claim construction brief. |
| 19 weeks after CMC | Parties to jointly email the law clerks (*see* OGP at 1) to confirm their *Markman* date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| 21 weeks after CMC | Plaintiff files a Sur-Reply claim construction brief. |
| 3 business days after submission of sur-reply | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy. *See* General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| 22 weeks after CMC (but at least 10 days before *Markman* hearing) | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |

---

[9] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| 23 weeks after CMC (or as soon as practicable)[10] | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| 1 business day after *Markman* hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* hearing | Deadline to add parties. |
| 8 weeks after *Markman* hearing | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 16 weeks after *Markman* hearing | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after *Markman* | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 30 weeks after *Markman* hearing | Close of Fact Discovery. |
| 31 weeks after *Markman* hearing | Opening Expert Reports. |
| 35 weeks after *Markman* hearing | Rebuttal Expert Reports. |
| 38 weeks after *Markman* hearing | Close of Expert Discovery. |
| 39 weeks after *Markman* hearing | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact |

---

[10] All deadlines hereafter follow the original *Markman* hearing date and do not change if the Court delays the *Markman* hearing.

| | the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
|---|---|
| 40 weeks after *Markman* hearing | Dispositive motion deadline and *Daubert* motion deadline. See General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| 42 weeks after *Markman* hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 44 weeks after *Markman* hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after *Markman* hearing | Serve objections to rebuttal disclosures; file Motions *in limine*. |
| 46 weeks after *Markman* hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| 47 weeks after *Markman* hearing | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com <br><br> Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 8 weeks before trial | Parties to jointly email the Court's law clerk (*See* OGP at 1) to confirm their pretrial conference and trial dates. |
| 3 business days before Final Pretrial Conference. | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 49 weeks after *Markman* hearing (or as soon as practicable) | Final Pretrial Conference. Held in person unless otherwise requested. |

| 52 weeks after *Markman* hearing (or as soon as practicable)[11] | Jury Selection/Trial. |
|---|---|

---

[11] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.

# XII. APPENDIX B – EXEMPLARY CASE READINESS STATUS REPORT

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **[Plaintiff],**<br><br>Plaintiff<br><br>v.<br><br>**[Defendant],**<br><br>Defendant | **Case No. 6:21-cv-00000-ADA**<br><br>**JURY TRIAL DEMANDED** |

## CASE READINESS STATUS REPORT

Plaintiff [names] and Defendant [name(s)], hereby provide the following status report.

## SCHEDULE

A scheduling order [has been proposed and awaits entry by the Court, has been issued by the Court, or has not yet been filed].

[Indicate if a *Markman* date has been set, proposed, or not yet proposed.]

[Indicate if a trial date has been set, proposed, or not yet proposed.]

## FILING AND EXTENSIONS

Plaintiff's Complaint was filed on [filing date]. There have been [one/two] extension[s] for a total of __ days.

## RESPONSE TO THE COMPLAINT

[Indicate if/when the Defendant(s) responded to the Complaint, whether it was an Answer or Motion, and whether any counterclaims were filed other than counterclaims for non-infringement or invalidity]

## PENDING MOTIONS

[Identify all pending motions]

## RELATED CASES IN THIS JUDICIAL DISTRICT

[Identify all related cases in this Judicial District, including any other cases where a common patent is asserted]

## IPR, CBM, AND OTHER PGR FILINGS

[There are no known IPR, CBM, or other PGR filings.] [Or]

ALT: IPR2021-00000 was filed on ____ and docketed on ____. An institution decision is expected on or before ____. A Final Written decision is expected on or before _____.]

## NUMBER OF ASSERTED PATENTS AND CLAIMS

Plaintiff has asserted [Num Patents] patent[s] and a total of [Num Claims] claims. The asserted patent(s) are U.S. Patent Nos. ____.

[If a Plaintiff has already served Preliminary Infringement Contentions ("PICs"), note the date of service. Note: Per the Court's Order Governing Proceeding, Plaintiff must serve PICs no later than 7 days before the CMC]

## APPOINTMENT OF TECHNICAL ADVISOR

[Indicate if the Parties request, oppose, or defer to the Court on whether to appoint a technical advisor to the case to assist the Court with claim construction or other technical issues]

## MEET AND CONFER STATUS

Plaintiff and Defendant met and conferred. [The Parties have no pre-*Markman* issues to raise at the CMC.] or [The Parties identified the following pre-*Markman* issues to raise at the CMC [list].

Dated: _____   Respectfully Submitted

/s/_____